IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

No. 13-0006; and 13-06000 thru 13-06356

(Filed: June 23, 2015)

---------------X

GEORGE DOUGLAS METZ, II,          :

    Plaintiff,                :

vs.                               :   2:20-cv-70-FtM-38NPM

Deputy Randall Sterling,          :

And                               :

Charlotte County Government,      :

    Defendants.               :
---------------X

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

George Douglas Metz, II, Plaintiff, [Metz], complaining of Defendants, Deputy Randall Sterling and Charlotte County Government, hereby files this Plaintiff's Complaint and Jury Demand and respectfully shows the following:

## I. NATURE OF THE ACTION

1. This is a civil rights action for declaratory relief and damages arising under the Constitution of the United States and under the laws of the United States. Metz was lawfully exercising his First Amendment rights under the Constitution by using his video camera to gather information on matters of public interest to disseminate to other citizens. Metz was in an area he was legally allowed to be in and was not interfering with any business being conducted. At no time was Metz suspected of violating any law or policy. Nonetheless, the Defendants treated Metz as if he did. They trespassed Metz from a public area for practicing his First Amendment right.

## II. DEMAND FOR JURY TRIAL

2. Plaintiff demands a trial by a jury of his peers.

## III. PARTIES

3. Plaintiff Metz is a Caucasian male citizen and adult resident of Florida, U.S.A.

4. Defendant Deputy Sterling is a Caucasian male

individual citizen and adult resident of Florida who at all relevant times, was employed by the Charlotte County Sheriff Office as a deputy sheriff. He is sued in his individual capacity and can be served with Summons at his work address at the Charlotte County Sheriff office.

5. Defendant, Charlotte County, is a political subdivision of the State of Florida. They are being sued in their official capacity.

**IV. JURISDICTION**

6. This action to vindicate Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution is brought under 42 U.S.C. §1983 and §1988. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 and §1343(a)(3)and (4). The court also has jurisdiction under 28 U.S.C. §2201 and §2202 and Bivens v. Six Unknown Agents, 403 U.S. 388.91 S.Ct. 1999, 29 L Ed. 2nd 619 (1971) to declare the rights of the parties and to grant all further relief found necessary and proper. Plaintiff further invokes the pendent

1  jurisdiction of the court to hear and decide
2  claims arising under the Florida State Law.
3  **V.   VENUE**
4  7.  Venue is under 28 U.S.C. §1391 (a) because
5  one or more defendants reside in the Middle
6  District of Florida. Venue is also proper under
7  28 U.S.C. §1391 (b) because all of the events or
8  omissions giving rise to the claims herein
9  occurred in the Middle District of Florida.
10 **VI.  FACTS**
11 **A.   INTRODUCTION**
12 8.  At the time of the events, Metz was employed
13 as an event coordinator. Photography and
14 videography are hobbies of Metz.
15 9.  Metz decided to videotape Charlotte County
16 Administration Building at 18500 Murdock Circle,
17 Port Charlotte, FL 33948.
18 10. On June 3, 2019, during mid-afternoon, Metz
19 was standing in an area off to the side, out of
20 the way.
21 11. Metz was simply recording the DMV employees,
22 which is within his First Amendment rights.

12. Metz was not armed and not suspected of violating any laws.

13. Metz was not threatening anyone by word or action.

14. Further, Metz was not interfering with the operations of the DMV.

15. Metz was simply standing in an area he was allowed to be in, recording his public officials in the course of their duties.

**B. SHERIFF HARASSMENT AND SOLICITATION OF TRESPASS**

16. At all times relevant to the acts alleged in this Complaint, Defendant was acting under the authority of his respective position as a Deputy Sheriff on behalf of Charlotte County Commissioners.

17. Within minutes of Metz starting his recording he was approached by Deputy Sterling who said, "Guys, Facility Rules. You can't record in the building."

18. Metz responded back by asking if "the buildings' policies override the Constitution."

1  19. At which point Metz said he would rather be
2  trespassed than give up his rights.
3  20. Metz informed Deputy Sterling that he would
4  leave only after he had been trespassed.
5  21. At this point Deputy Sterling called someone
6  in the County Attorney's office.
7  22. Deputy Sterling talked to her who he informed
8  us replied that she was going to "pass" and that
9  we were free to film in the building.
10 23. Metz proceeded to film the public areas of
11 the building.
12 24. Metz made various requests for public records
13 while filming his actions within the building,
14 including in the Records Department.
15 25. Upon entering the DMV area, Metz was then
16 trespassed from the building.
17 26. Metz did not violate any law or policy. It
18 appears that they trespassed him from public
19 property due to him practicing his First
20 Amendment Right to free press.
21 **VII. ACTION AGSINST ALL DEFENDANTS UNDER 42**
22 **U.S.C. §1983 FOR VIOLATIONS OF THE FIRST AND**

**FOURTEENTH AMENDMENTS**

27. Metz adopts by reference the facts and allegations set forth in Paragraphs 1-26 as though fully set forth herein.

28. Observing public employee activities, without interfering with those duties, is a legitimate means of gathering information for public dissemination and is expressive conduct protected by the First Amendment. This First Amendment right to gather information includes the right to record actions of public employees, subject to reasonable time, place, and manner restrictions. In this instance, Metz was always in publicly accessible areas video recording apparently normal activities of the employees during normal business hours, which activity is protected by the First Amendment to the United States Constitution.

29. Metz was not engaged in any unlawful activity nor did he interfere with the duties of officials during any of their recorded activities.

30. None of Metz' activities were being conducted

in an unreasonable time, place, or manner.

31. Further, it is apparent from the actions of and statements made by the officers that the entire incident was an illegal attempt to deprive Metz of his First Amendment rights.

32. Defendant's acting under color of law deprived Plaintiff of certain constitutionally protected rights as follows:

A. Deputy Sterling and the County Attorney Knowlton acted to restrict the well of information from which the public and press can draw.

B. The County, by way of its unconstitutionally enacted policy, attempted to restrict Metz' right to record.

33. Defendants Deputy Sterling and Charlotte County acted willfully, deliberately, maliciously, or with reckless disregard for Metz' exercise of his clearly established rights protected by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution.

34. Upon information and belief, Defendant Deputy

Sterling is responsible for the violations of Metz' constitutional rights because of the Defendant Officer's actions resulting from the Deputy's deliberate indifference.

A. By failing to formulate policies and procedures of providing for First Amendment rights or, if such policies and procedures existed, in failing to follow and enforce said policies and procedures.

B. By quelling Metz' First Amendment Rights through the customary practice of allowing officers to trespass individuals for expressive conduct video recording public employees in the performance of their official duties.

C. In failing to properly train and supervise officers who engage in such conduct.

35. Defendants had a duty under the First and Fourteenth Amendments of the Constitution of the United States to refrain from attempts to enforce or allow policies and procedures or customs that created a substantial likelihood that citizens would be subjected to being trespassed on public

1  property merely for exercising First Amendment
2  rights.
3  36. As a direct and proximate result of one or
4  more of Defendant's wrongful acts or omissions,
5  Plaintiff sustained violations of his rights
6  under the First and Fourteenth Amendments to the
7  Constitution of the United States.
8  **VIII. LACK OF QUALIFIED IMMUNITY**
9  37. Metz adopts, by reference, the facts and
10 allegations set forth in paragraphs 1-36 as
11 though fully set forth herein.
12 38. Law clearly establishes laws that a person
13 has a First Amendment right to gather information
14 and video record police activity, subject to
15 reasonable time, place, and manner restrictions.
16 39. Defendants did not observe Metz engage in any
17 criminal conduct and had no reasonable suspicion
18 or probable cause to believe that Metz had
19 committed or was committing any criminal conduct.
20 40. Metz was merely videotaping public employees
21 at work, which was protected by the First
22 Amendment of the U.S. Constitution in a publicly

accessible area without interfering with normal operating procedures.

41. None of Metz' activities were conducted at an unreasonable time, place, or manner.

42. It is also clearly established by the laws of Florida that a person does not have to identify himself or answer any questions until being lawfully arrested.

43. Metz was non-violent, not armed, and made no threats to the safety of the Defendant or others prior to the illegal acts of the Defendant.

44. Defendant's actions clearly violated established statutory and constitutional rights which should have been known by a reasonable officer.

45. Defendants should not be entitled to any protection of qualified immunity to avoid accountability in this case.

**IX. DAMAGES AND ATTORNEY'S FEES**

46. Metz adopts by reference the facts and allegations set forth in Paragraphs 1-45 as though fully set forth herein.

47. As a direct and proximate result of Defendants' alleged unlawful actions, Metz suffered deprivations of his constitutional rights guaranteed by the First and Fourteenth Amendments of the U.S. Constitution.

48. Metz incurred damages for loss of reputation, shame, embarrassment, humiliation, mental anguish, pain and suffering, and other such compensatory and consequential damages as the law entitles Plaintiff to recover.

49. Metz seeks punitive damages against the individual defendants for their intentional, willful and wanton acts completely ignoring "clearly established statutory and Constitutional rights of which a reasonable officer would have known."

50. Metz hereby sues for these damages and prays for the just and fair recovery thereof.

**X.  PRAYER FOR RELIEF**

51. For the foregoing reasons, Plaintiff respectfully requests the following:

A. Enter a declaratory judgment that the

1  Defendants violated Plaintiff's First and
2  Fourteenth Amendment right to be free from
3  unreasonable search and/or seizure.
4  B. Award actual and compensatory damages against
5  all Defendants, jointly and severally, in an
6  amount to be determined at trial.
7  C. Alternatively award nominal damages for the
8  violations of the Plaintiff's Constitutional
9  rights.
10 D. Award punitive damages against the individual
11 Defendants.
12 E. Enter such other relief as this Honorable
13 Court may deem just and deserving.
14
15 Dated this 31st day of January, 2020
16 Respectfully Submitted,
17 _____
18 George Metz, Pro Se
19 6787 S.E. 125th Street, No. 34
20 Belleview, Florida 34420
21 352-446-8145
22